IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DENNIS MARIO RIVERA,**

**Plaintiff,**

**v.**

**MENDEZ AND COMPANY, et al.,**

**Defendants.**

**CIVIL NO. 11-1530 (GAG)**

## OPINION AND ORDER

Plaintiff in this matter, Dennis Mario Rivera ("Plaintiff") brought this action against co-defendants Mendez & Compañia ("Mendez"), Heineken, and Luis Alvarez (collectively "Defendants"), seeking redress for alleged acts of copyright infringement and acts in violation of Plaintiff's moral rights. Plaintiff brings his claims pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.* ("The Copyright Act"); the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA") as well as the Puerto Rico Intellectual Property Act, P.R. Laws Ann. tit. 31, §§ 1401 *et seq.* ("PRIPA"). Presently before the court is Defendants' motion to dismiss Plaintiff's moral right claims under VARA and PRIPA (Docket No. 9). Plaintiff filed an opposition to this motion (Docket No. 15). After reviewing the pleadings and pertinent law, the court **GRANTS** Defendants' motion to dismiss (Docket No. 9) his moral right claims.

**I.      Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

**Civil No. 11-1530 (GAG)**

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. Id. at 1949-50 (citing Twombly, 550 U.S. at 555-56). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Iqbal, 129 S. Ct. at 1950.

**II.    Relevant Factual and Procedural Background**

Plaintiff has been a painter and visual artist for more than thirty years. In 1998, Defendants approached Plaintiff for the purpose of acquiring the artwork and corporate image to be used for branding the Heineken Jazz Fest ("HJF").  The HJF is an annual event that has been organized, marketed, produced, and sponsored by Defendants since 1991. Each year thereafter, up until 2009, Plaintiff would license a specific work to Defendants, which was to be used for branding that year's HJF.  Under the terms of the license, Defendants paid a specific sum of money to Plaintiff who in turn would allow Defendants to reproduce, display, and distribute copies of each licensed work for use in conjunction with each HJF's label and corporate identity.  The works were used for marketing pieces such as posters, bus shelters, and related paraphernalia, as well as event backdrops and merchandising.  The license did not permit Defendants to make unauthorized derivative works or compilations of the licensed works.  The contract also required Defendants to license a new piece

**Civil No. 11-1530 (GAG)**

of artwork for each year of the HJF. The specific license for each piece expired once each HJF event ended.

From 1999 through 2009, Defendants acquired a license each year to use one of Plaintiff's works to brand each respective HJF. Prior to the 2010 HJF, Plaintiff was informed by co-defendant Luis Alvarez that Defendants would not be using or licensing any more of his works for future HJFs. Alvarez informed Plaintiff that another artist, Jose Luis Diaz de Villegas, would be commissioned to create the 20th anniversary artwork for the 2010 HJF. At this meeting, Plaintiff specifically told Alvarez that none of the previously licensed works from 1999-2009 were to be used at any future HJF events.

For the 2010 HJF, Defendants, without obtaining a license, willfully reproduced, displayed, and distributed copies of Plaintiff's works for the label and corporate identity. Defendants created derivative works and compilations which were used to produce marketing pieces and merchandise. Plaintiff alleges a number of infringing uses resulting from the unauthorized adaptation and of these works, as well as violations of his moral rights which include: (1) the use of Plaintiff's licensed works in the 2010 HJF program guide, while only naming Diaz de Villegas as the creator of all artwork contained in the program; (2) publishing copies of Plaintiff's work on Defendants' website without attributing those works to Plaintiff; and (3) publicly hailing the contributors to the 2010 HJF, while failing to recognize the inclusion of Plaintiff's works.

**III.    Legal Analysis**

In their motion to dismiss, Defendants contend that Plaintiff's moral rights claims under VARA and PRIPA must be dismissed as the works at issue in this case fall outside of the protections provided by these statutes.

VARA was enacted in 1990 to provide for the protection of "moral rights" for certain artists. Mass. Museum of Contemporary Art Found., Inc. v. Büchel, 593 F.3d 38, 47 (1st Cir. 2010). Moral rights are "rights of a spiritual, non-economic and personal nature that exist independently of an artist's copyright in his or her work and spring from a belief that an artist in the process of creation injects his spirit into the work and that the artist's personality, as well as the integrity of the work,

3

**Civil No. 11-1530 (GAG)**

should therefore be protected and preserved." Id. at 49 (quoting Carter v. Helmsley-Spear, Inc., 71 F.3d 77, 81 (2d Cir. 1995)) (internal quotations omitted). However, an artist's moral rights are only protected in "works of visual art." The Copyright Act defines a "work of visual art" as "a painting, drawing, print, or sculpture, existing in a single copy or in a limited edition of 200 copies that are signed and consecutively numbered by the author . . . ." 17 U.S.C. § 101. The definition specifically excludes posters, maps, globes, charts, technical drawings, diagrams, models, applied art, motion pictures or other audiovisual works, books, magazines, newspapers, periodicals, data bases, electronic information services, electronic publications, or similar publication, as well as any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container. See id. The statute provides in pertinent part that, in addition to the exclusive rights provided by section 106 of the Copyright Act, but subject to certain limitations, the author of a work of visual art

> (1) shall have the right (A) to claim authorship of that work, and (B) to prevent the use of his or her name as the author of any work of visual art which he or she did not create;
> (2) shall have the right to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation; and
> (3) subject to the limitations set forth in section 113(d), shall have the right (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right

17 U.S.C. § 106A(a). PRIPA also contains a similar moral rights exception for select works. The local statute reads in pertinent part "[e]xcept when otherwise agreed to, those works created for the purpose of advertising entities or promoting goods or services shall not enjoy protection by copyright." P.R. Laws Ann. tit. 31, §1401e. Therefore, the moral rights provided for by PRIPA are analogous in scope to those under VARA.

In the complaint, Plaintiff alleges that under the license "defendants paid a specific sum of money to Plaintiff who in turn would allow defendants to reproduce, display and distribute copies of each licensed work for use in relation to each HJF's label and corporate identity, marketing pieces such as posters, bus shelters and related paraphernalia, and HJF event backdrops and merchandising

**Civil No. 11-1530 (GAG)**

such as t-shirts and program guides." (See Docket No. 1 at ¶ 17.) Plaintiff further alleges that Defendants utilized these same works during the 2010 HJF for similar advertising and merchandising purposes, without first obtaining a license and failing to attribute authorship. (See Docket No. 1 at ¶¶ 29, 30). In Berrios Nogueras v. Home Depot, 330 F. Supp. 2d 48 (D.P.R. 2004), the plaintiff brought a similar claim before this court, alleging that the defendants had violated his moral rights under VARA by posting his work at Home Depot stores throughout Puerto Rico in the form of promotional brochures and posters, while failing to attribute authorship. In dismissing the plaintiff's VARA claims, Judge Raymond L. Acosta held that "it is clear that VARA does not afford a right of action to plaintiff for the unauthorized reproduction of his work upon the 'posters' or 'shoppers' i.e. 'advertising or promotional material' that were printed or published by defendants in their stores." Berrios Nogueros, 330 F. Supp. 2d at 51 (citing Pollara v. Seymour, 344 F.3d 265, 268 (2d Cir. 2003)). To support his finding, Judge Acosta highlighted specific language from the Pollara decision which stated that "congress chose to exclude from the scope of VARA all advertising and promotional materials, regardless of whether the thing being promoted or advertised was a commercial product . . . *and regardless of whether the work being used to promote or advertise might otherwise be called a painting, drawing, or sculpture*." Pollara, 344 F.3d at 270 (emphasis added).

Here, the works, *which would otherwise be called paintings or prints*, were used to promote and advertise the annual HJF. The original works were commissioned as promotional advertisements for the HJF's between 1998-2009 and the alleged infringing works were utilized for similar purposes in 2010. Therefore, even though the reproductions of Plaintiff's works may in fact be unauthorized, the infringing uses alleged by Plaintiff do not garner the protections of either VARA or PRIPA, as these works were originally created to advertise and promote the various HJF's. Accordingly, the court **GRANTS** Defendants' motion to dismiss Plaintiff's moral rights claims under VARA and PRIPA (Docket No. 9) and **DISMISSES** the same. The court notes that Plaintiff's copyright infringement claims, which is not the subject of this opinion remains *sub judice*.

**Civil No. 11-1530 (GAG)**

SO ORDERED.

In San Juan, Puerto Rico this 5th day of August, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge